UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUNETTE BOYDEN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE FARM MUTUAL AUTOMOBILE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cv-01876-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Remand, (EFC No. 9), filed by Plaintiff Junette Boyden ("Plaintiff"). Defendant State Farm Mutual Automobile Insurance Company ("Defendant") filed a Response, (ECF No. 12). Plaintiff did not file a reply, and the deadline to do so has passed. For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**.

## I. BACKGROUND

On July 13, 2016, Plaintiff filed her Complaint in state court alleging breach of contract, violation of the Nevada Unfair Claims Practices Act, and breach of the covenant of good faith and fair dealing against Defendant, her insurance carrier. (Compl. ¶¶ 18–33, Ex. A to Pet. for Removal, ECF No. 1-1). Specifically, Plaintiff alleges that Defendant failed to honor an underinsured motorist policy to which Plaintiff is a beneficiary. (*Id.* ¶¶ 12–14). Based upon these allegations, Plaintiff requests damages "in excess of $10,000.00," punitive damages, and attorneys' fees. (*Id.* ¶¶ 18–33). On August 8, 2016, Defendant removed this action, citing the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Removal ¶ 3, ECF No. 1). In its Petition for Removal, Defendant asserts that it is an Illinois corporation and that Plaintiff is domiciled Nevada. (*Id.* ¶ 4). Defendant further states that "[g]iven [Plaintiff's] claims

against [Defendant], it is clear that Plaintiffs [sic] are seeking damages in excess of $75,000.00." (*Id.* ¶ 5).

On August 16, 2016, Plaintiff filed the instant Motion to Remand. (Mot. to Remand, ECF No. 9). Plaintiff asserts that Defendant has failed to show that the amount in controversy is sufficient to raise subject matter jurisdiction. (*Id.* 3:4–12).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

District courts have subject matter jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C.

§ 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III.  DISCUSSION

In this case, Defendant bases removal of this action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (*See* Pet. for Removal ¶ 3, ECF No. 1).  The instant dispute centers on whether Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Defendant asserts that "the amount in controversy more likely than not exceeds $75,000.00" based on Plaintiff's request for "past medical specials and future medical specials," as well as attorneys' fees and punitive damages. (Resp. 4:19–5:7, ECF No. 12).  Specifically, Defendant alleges that Plaintiff is claiming $45,521.49 in future medical treatment and that "Plaintiff demanded $165,000 in settlement for her claims prior to litigation." (*Id.* 5:9–10, 5:23–6:1).

The record suggests that there is at least a serious question about whether more than $75,000 is in controversy here.  First, Defendant provides no evidence demonstrating the amount of Plaintiff's alleged claim for future medical damages or the alleged settlement demand.  Accordingly, neither of these figures enters into the instant analysis. *See JCW Mini Mart, LLC v. Peerless Indem. Ins. Co.*, No. 2:12-cv-01943-GMN, 2013 WL 2355528, at *2 (D. Nev. May 29, 2013) ("In assessing [amount in controversy], the district court considers facts present in the complaint, the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'") (quoting *Matheson*, 319 F.3d at 1090).

Further, Defendant is correct that Plaintiff's requests for punitive damages and attorneys' fees may be taken into account when determining the amount in controversy in a case. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that,

among other things, any exemplary or punitive damages or attorneys' fees that are sought in the complaint are included in the calculation to determine the amount in controversy).  However, Defendant's bare assertions that "the amount in controversy more likely than not exceeds $75,000.00" based upon the compensatory and punitive damages pled in the Complaint is insufficient to establish federal jurisdiction. *See Matheson*, 319 F.3d at 1091 (finding that a request in the complaint for an award "'in excess' of $10,000 for economic loss, 'in excess' of $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages" is insufficient to show an amount in controversy of over $75,000).

Finally, while Nevada law provides that a jury may award punitive damages against an insurer who acts in bad faith, Plaintiff is not entitled to such damages based on their mere availability. *See* NRS § 42.005(2)(b).  To establish that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy above $75,000, Defendant must present evidence of probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases. *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).  Defendant has made no attempt to demonstrate the likely amount of punitive damages beyond mere speculation that "Plaintiff would likely be seeking an amount far in excess of $75,000.00 as exemplary damages alone." (Resp. 6:17–18).

For the reasons discussed above, Defendant has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and the case must be remanded to state court.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this ___1___ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge